UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDDIE K. TAYLOR,**

     Plaintiff,                      CASE NO: 8:12-cv-2448-AEP

v.

**GEICO INDEMNITY COMPANY,**

     Defendant,

_____/

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

     Defendant, GEICO INDEMNITY COMPANY (hereinafter "GEICO"), by and through undersigned counsel hereby files GEICO's Proposed Jury Instructions and Verdict Form.

     Respectfully submitted,

     **KELLEY KRONENBERG**

     */s/ Jessica L. Lanifero*\_\_\_\_
     **DENNIS P. DORE, ESQUIRE**
     Fla. Bar. No. 0356360
     ddore@kelleykronenberg.com
     **JESSICA L. LANIFERO, ESQUIRE**
     Fla. Bar No. 021062
     Jlanifero@kelleykronenberg.com
     1200 Riverplace Blvd. Ste. 201
     Jacksonville, Florida 32207
     Telephone:  (904) 399-1220
     Facsimile:  (904) 399-1584
     **Counsel for Defendant GEICO**

### CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that on February 25, 2015, I electronically filed the foregoing document using the CM/ECF system. I also certify that the foregoing document is being served

this day on all counsel of record, pro se parties and interested parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically.

**KELLEY KRONENBERG**
*/s/ Jessica L. Lanifero*
**DENNIS P. DORE, ESQUIRE**
Fla. Bar. No. 0356360
ddore@kelleykronenberg.com
**JESSICA L. LANIFERO, ESQUIRE**
Fla. Bar No. 021062
Jlanifero@kelleykronenberg.com
1200 Riverplace Blvd. Ste. 201
Jacksonville, Florida 32207
Telephone: (904) 399-1220
Facsimile: (904) 399-1584
**Counsel for Defendant GEICO**

**SERVICE LIST**
*EDDIE TAYLOR v. Geico Indemnity Company*
Case No. 8:12-cv-02448-SDM-AEP
United States District Court, Middle District of Florida, Tampa Division

**ROBERT J. MAYES, ESQUIRE**
**JONATHAN R. MAYES, ESQUIRE**
913 Gulf Breeze Pkwy, Ste. 44
Gulf Breeze, Florida 32561
Telephone: (850) 932-1962
Facsimile: (850) 932-1963
Counsel for Plaintiff
robertjmayes@gmail.com
jonathan@mayeslaw.com
april@mayeslaw.com
dara@mayeslaw.com

## STANDARD PRELIMINARY INSTRUCTIONS

Ladies and Gentlemen:

You have now been sworn as the jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.

Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an

exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

* * * * *

Note-taking - Permitted. If you would like to take notes during the trial you may do so.

On the other hand, of course, you are not required to take notes if you do not want to. That will

be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note-taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it

in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.

On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The

Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments

in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.

So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Eleventh Circuit Pattern Jury Instruction - Preliminary Instructions Before Trial

11th Circuit Pattern Jury Instruction (Civil) 1

## **Face page - Introduction**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

11th Circuit Pattern Jury Instruction (Civil) 2.2

Consideration of the Evidence

## <u>Duty to Follow Instructions-Corporate Party Involved</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

11th Circuit Pattern Jury Instruction (Civil) 3

## Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.

Also, the number of witnesses testifying concerning any particular dispute is not controlling. In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil) 4.1

## **Impeachment of Witnesses-Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil) 5.2

## **<u>Expert Witnesses-When Expert Witness Fees Represent a Significant Portion Of the Witness's Income</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

Eleventh Circuit Pattern Jury Instruction (Civil Cases) 7.1

## **<u>Duty To Deliberate-When Only The Plaintiff Claims Damages</u>**

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Eddie K. Taylor should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Pattern Jury Instruction (Civil Cases) 8

## **Election Of Foreperson-Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## 6.2 BURDEN OF PROOF

In this case each partying asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

If the preponderance of the evidence does not support the bad faith claim of Eddie K. Taylor, your verdict should be for GEICO Indemnity Company.

However, if the preponderance of the evidence does support the bad faith claim of Eddie K. Taylor, you should consider the defenses raised by GEICO.

## DEFENDANT'S PROPOSED SPECIAL JURY INSTRUCTION NUMBER ONE-BAD FAITH FAILURE TO SETTLE

The first issue for your determination in this case is whether GEICO indemnity Company Company acted in bad faith in failing to settle the claim of Ronald Donnerstag against Eddie K. Taylor

Bad faith on the part of an insurance company is failing to settle a claim when, under the totality of the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for their interests.

Florida Standard Jury Instruction 404.4 .

## DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER TWO

Bad faith conduct by an insurer is conduct that is in conscious disregard or conscious indifference to the rights of the insured. In determining the issue of bad faith, you may consider evidence of negligence; however, negligence alone does not constitute bad faith.

*Francois v. Illinois Nat'l Ins. Co.,* no. 01-8070-CV-KLR (S.D.Fla.Mar.28, 2002)(unpublished), *aff'd*, case no. 02-12499 (11th Cir.Sept.19, 2002)(unpublished) *Auto Mut. Indem. Co. v. Shaw*, 184 So.2d 852 (Fla. 1938); *Berges v. Infinity Ins. Co.*, 896 So.2d 665, 687 (Fla.2004); *Campbell v. Gov't Employees Ins. Co.*, 306 So.2d 525, 530-531 (Fla.1975); *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So.2d 783, 785 (Fla.1980); Caldwell v. Allstate Ins. Co., 453 So.2d 1187, 1190 (Fla.1st DCA1984); *DeLaune v. Liberty Mut. Ins. Co.*, 314 So.2d 601 (Fla. 4th DCA 1975).

## DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER THREE

In determining whether GEICO indemnity Company Company acted in bad faith under the totality of the circumstances, you should consider the following principles:

An insurer, acting with diligence and due regard for its insured, is allowed a reasonable time to investigate a claim. No obligation exists to accept a settlement offer, or to tender policy limits in advance of a settlement offer, without time for investigation.

*Johnson v. GEICO indemnity Company Company*, 318 Fed.Appx. 847 (11th Cir. 2009).

## <u>DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER FOUR</u>

An insurance company has the same right as any other litigant to seek a judicial resolution of a contractual dispute. As long as there is a legitimate dispute over the validity or amount of the insured's claim, the insurance company may in good faith seek a judicial resolution of the dispute, pursuant to its rights under the subject insurance policy.

*316, Inc. v. Maryland Cas. Co.,* 625 F.Supp.2d 1187 (N.D. Fla. 2008); *Garnett v. Government Employees Ins. Co.,* 186 P.3d 935 (Okl. 2008); *Baxter v. Royal Indem. Co.,* 285 So.2d 652 (Fla. 1975)(*superceded by statute*); *Francois v. Illinois Nat'l Ins. Co.*, 2002 WL 33760405 (S.D. Fla. 2002) *aff'd* 49 Fed.Appx. 290 (11th Cir. 2002).

### DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER FIVE

In determining the issue of bad faith, you may consider evidence of negligence; however, negligence alone does not constitute bad faith. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances; or the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances.

*Francois v. Illinois Nat'l Ins. Co*., 2002 WL 33760405 (S.D. Fla. 2002) aff'd 49 Fed.Appx. 290 (11th Cir. 2002); *Auto Mut. Indem. Co. v. Shaw*, 184 So.2d 852 (Fla. 1938); *Berges v. Infinity Ins. Co*., 896 So.2d 665, 687 (Fla. 2004); *Campbell v. Gov't Employees Ins. Co.,* 306 So.2d 525, 530-531 (Fla. 1975); *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So.2d 783, 785 (Fla. 1980); *Caldwell v. Allstate Ins. Co.,* 453 So.2d 1187, 1190 (Fla. 1st DCA 1984); *DeLaune v. Liberty Mut. Ins. Co.,* 314 So.2d 601 (Fla. 4th DCA 1975); Florida Standard Jury Instruction 401.4.

## <u>DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER SIX</u>

An insurance company cannot be found to have acted in bad faith unless it is found to have acted in its own best interests and in disregard of the interests of its insured, and such actions are found to have caused its insured to be exposed to an excess judgment.

*Maldonado v. First Liberty Insurance Co*., 546 F.Supp.2d 1347, 1353 (S.D.Fla. 2008), *aff'd*, 342 Fed.Appx. 485 (11th Cir. 2009)(unpublished); *Auto Mut. Indem. Co. v. Shaw*, 184 So.2d 852 (Fla.1938); *State Farm Mut. Auto Ins. Co. v. LaForet*, 658 So.2d 55, 58 (Fla. 1995); *Macola v.Government Employees Ins. Co.,* 953 So.2d 451, 455 (Fla. 2006); *Allstate Indem. Co. v. Ruiz*, 899 So.2d 1121, 1125 (Fla. 2005); *Cunningham v. Standard Guar. Ins. Co*., 630 So.2d 179, 181 (Fla. 1994).

## <u>DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER SEVEN</u>

The damages claimed by an insured, or its assignee, must be caused by the insurance company's bad faith, and absent the existence of this causal connection, the insurance company cannot be found to have acted in bad faith.

*Perera v. U.S. Fidelity & Guar. Co.*, 35 So.3d 893, 901, 902 (Fla. 2010).

## DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER EIGHT

If you find that, based on a preponderance of the evidence, GEICO Indemnity Company acted in bad faith, you must further consider the affirmative defenses raised by GEICO Indemnity Company

The first defense for your determination is whether, under the totality of the circumstances, Ronald Donnerstag was unwilling to settle his claim against Eddie K. Taylor within GEICO Indemnity Company's available policy limits.

The second defense for you determination is whether, under the totality of the circumstances, GEICO Indemnity Company was presented with a reasonable opportunity to settle the claim of Ronald Donnerstag within GEICO Indemnity Company Company's available policy limits.

The third defense for your determination is whether Eddie K. Taylor failed to take steps to reduce the amount of the judgment entered against him.

## DEFENDANT'S SPECIAL JURY INSTRUCTION NUMBER NINE

During the trial you may be provided evidence that has been redacted or not shown in its entirety. You should not infer or make conclusions based upon the redactions or the incomplete documents. Additionally, you should not guess or speculate as to what the redactions are or what the remainder of the document might have been nor should you draw any inferences or conclusions from a document being redacted or a document not provided in its entirety.

## DEFENDANT'S PROPOSED VERDICT FORM

WE THE JURY, return the following verdict:

1. Do you find under the totality of the circumstances, that Ronald Donnerstag was unwilling to settle his claim against Eddie K. Taylor

_____ YES _____ NO

Instruction: If your answer to question number 1 is yes, do not proceed further. Date and sign the verdict form and return it to the courtroom.  If your answer to question 1 is no, please answer question 2.

2. Do you find, under the totality of the circumstances, that GEICO was presented with a reasonable opportunity to settle the claim of Ronald Donnerstag against Eddie K. Taylor.

_____ YES _____ NO

Instruction: If your answer to question number 1 is no, do not proceed further. Date and sign the verdict form and return it to the courtroom.  If your answer to question 1 is yes, please answer question 3.

3. Do you find that Plaintiff has proven by a preponderance of the evidence that GEICO Indemnity Company acted in bad faith in failing to settle Ronald Donnerstag's claim against Eddie K. Taylor?

_____ YES _____ NO

SO SAY WE ALL this _____ day of March, 2015.


_____

FOREPERSON