**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDDIE K. TAYLOR,**

    **Plaintiff,**

**v.**                                                                    **CASE NO.: 8:12-cv-2448-AEP**

**GEICO INDEMNITY COMPANY,**

    **Defendant.**

_____/

**ORDER**

This cause comes before the Court as a consolidation of motions *in limine* and responses thereto filed in anticipation of trial. A motions hearing was held on February 27, 2015, to address the subject motions (Dkt. No. 102). For the reasons stated on record at the hearing and for the reasons that follow, it is hereby

ORDERED:

1. Defendant GEICO Indemnity Company ("GEICO")'s First Motion In Limine Precluding Evidence of GEICO's Claim Handling After the Donnerstags' Rejection of Its Offer To Settle and Memorandum of Law (Dkt. No 77) is GRANTED IN PART DENIED IN PART. The motion is DENIED to the extent that claims notes involving communications that relate to the bad faith claim are admissible. The Court reserves judgment on the admissibility of the verdict form and entry of judgment in the underlying claim. The motion is GRANTED in all other respects, including Plaintiff Eddie Taylor ("Taylor")'s alternative theory of bad faith, which was not pled or timely noticed in this action.

2. Defendant's Second Motion In Limine Re Ronald Donnerstag's Military Service and Missionary/Ministry Work and Memorandum of Law (Dkt. No. 78) is GRANTED. Such activates may bear on character generally, but the focus of Rule 608(a) is strictly limited to character for veracity. Fed. R. Evid. 608, advisory committee's notes. Likewise, even if evidence of such activities was proper under Rule 608(b) on redirect for the purpose of rehabilitation, the conduct is extrinsic and, ultimately, testimony regarding military service and missionary work are not activities that necessarily bear on truthfulness. *See, e.g.*, *U.S. v. Solomon*, 686 F.2d 863, 873–874 (11th Cir. 1982) (trial court properly excluded testimony offered to "'demonstrate [witness's] life-style activities [to show] whether [he was] living good, whether he has been a respectable citizen'")(noting that time spent in the armed services does not bear on truthfulness).

3. Defendant's Third Motion In Limine Exclusion of GEICO's Claims Manuals and Training Materials As Evidence That GEICO Breached Its Duty of Good Faith and Memorandum of Law (Dkt. No. 83) is DENIED for the reasons stated on record.

4. Defendant's Fourth Motion In Limine Exclusion of Personal Opinions About Insurance Companies, References to Advertising, and the Payment of Insurance Premiums and Memorandum of Law (Dkt. No. 84) is GRANTED IN PART AND DENIED IN PART. The motion regarding personal opinions about insurance companies is DENIED WITHOUT PREJUDICE to being raised upon objection at trial. The motion regarding references to GEICO's advertising campaigns is DENIED AS MOOT. The motion referencing Taylor's payment of insurance premiums is GRANTED, with the Court to consider the parties' proposed stipulation language.

5. Plaintiff's First Motion In Limine to Limit or Exclude the Testimony of Any Witness, Evidence, and Reference that Plaintiff's Driver's License Was Suspended at the Time of the Accident or That Plaintiff Was Issued a Citation for Driving on a Suspended License (Dkt. No. 85) is GRANTED, as the evidence is not relevant under Federal Rules of Evidence 401-402, and, under Rule 403, any probative value it may have is substantially outweighed by unfair prejudice.

6. Plaintiff's Second Motion In Limine To Exclude the Testimony of Any Witness Regarding the State of Mind of Any Other Party, Witness, or Individual Involved in the Donnerstags' Claims Against Taylor (Dkt. No. 86) is GRANTED as to any lay testimony on this topic offered under Federal Rule of Evidence 701.[1]  Additionally, such testimony fails to pass muster as expert testimony admissible under Federal Rule of Evidence 702. Even if based on perceptions of actions or conduct, the expert's experienced-based methodology[2] lacks a reliable and sound foundation and appears contrived to reach a particular result.  *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1293 n. 7 (11th Cir. 2005*)*; *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002).  Moreover, the opinion is unquantifiable, unverifiable, and, significantly, appears to unjustifiably extrapolate from a generic premise to an unfounded conclusion.  *See United States v. Frazier*, 387 F.3d 1244, 1265 (11th Cir. 2004); *McCorvey*, 298 F.3d at 1256; *Rider v. Sandoz Pharm. Corp.*, 295 F.3d 1194, 1197 (11th Cir. 2002) (citing *Gen. Elec. Co. v.*

---

[1] Not only does this testimony pose the potential of improperly commenting on the meaning of admitted evidence, *See* 29 Fed. Prac. & Proc. Evid. § 6254 (1st ed.) (citing *U.S. v. Cano*, 289 F.3d 1354, 1361 (11th Cir. 2002)), but it also represents an attempt to comment on the state of mind of another person or persons based on observations that are insufficient both in quality and quantity.  *See* § 6254 "Rationally Based on the Perception of the Witness", 29 Fed. Prac. & Proc. Evid. § 6254 (1st ed.).

[2] Rule 702 contemplates that an expert may be qualified based on experience.

*Joiner*, 522 U.S. 136, 146 (1997)) (discussing the important test of analytical "fit" between the methodology used and the conclusions drawn).  Therefore, to the extent GEICO's expert seeks to introduce testimony concluding that a third-party intended to pursue a certain course of action or achieve a particular result, Taylor's motion is GRANTED.

7. Plaintiff's Third Motion In Limine to Prevent Defense Counsel From Asking Questions of Any Witness That Would Elicit Answers Protected by the Attorney/Client Privilege or the Work Product Doctrine (Dkt. No. 87) is DENIED WITHOUT PREJUDICE to being raised upon objection at trial.  The parties are DIRECTED to state any such objections without reference to the attorney/client privilege in the presence of the jury.

**DONE AND ORDERED** at Tampa, Florida this 3rd day of March, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record